**WO**                                                                                                                         JKM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leonel Poblete-Mendoza, | No. CV 07-2574-PHX-MHM (JRI) |
| Petitioner, | **ORDER** |
| vs. | |
| Michael B. Mukasey, | |
| Respondent. | |

Petitioner Leonel Poblete-Mendoza (A44-347-805), who is confined in the Florence Correctional Center in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The filing fee has been paid. The Court will require Respondent to answer the Petition.

**I.     Petition**

On November 27, 2007, an immigration judge entered an order for Petitioner's removal from the United States. On February 21, 2008, the Board of Immigration Appeals dismissed Petitioner's appeal. Petitioner's petition for review is currently pending before the United States Court of Appeals for the Ninth Circuit. See Poblete Mendoza v. Mukasey, No. 08-71007 (9th Cir. pet. for review filed Mar. 11, 2008). On March 11, 2008, the Ninth Circuit granted Petitioner a temporary stay of removal pursuant to Ninth Circuit General Order 6.4(c)(1). Id. Petitioner alleges that he has been detained by Immigration and Customs Enforcement since December 27, 2006. Petitioner argues that his lengthy detention while his removal proceedings have been pending is unlawful.

**TERMPSREF**

1   The REAL ID Act of 2005 does not deprive the Court of jurisdiction because the Act
2   was "not intended to 'preclude habeas review over challenges to detention that are
3   independent of challenges to removal orders.'" Hernandez v. Gonzales, 424 F.3d 42, 42-43
4   (1st Cir. 2005) (quoting H.R. Cong. Rep. No. 109-72, at 2873 (2005)); See also Nadarajah
5   v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006) ("By its terms, the jurisdiction-stripping
6   provision [of the REAL ID Act] does not apply to federal habeas corpus petitions that do not
7   involve final orders of removal."). An answer will therefore be required.

**II.   Warnings**

**A.   Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.   Copies**

Petitioner must serve Respondent, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Petitioner also must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

**C.   Possible dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   The Clerk of Court must serve a copy of the Summons, Petition and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of

1 the Federal Rules of Civil Procedure. The Clerk of Court also must send by certified mail 2 a copy of the Summons, Petition and this Order to the United States Attorney General 3 pursuant to Rule 4(i)(1)(B) and to Respondent pursuant to Rule 4(i)(2).

4     (2) Respondent must answer the Petition within 20 days of the date of service. 5 Respondent must not file a dispositive motion in place of an answer without first showing 6 cause as to why an answer is inadequate.

7     (3) Petitioner may file a reply within 20 days from the date of service of the 8 answer.

9     (4) The matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 10 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and 11 recommendation.

12     DATED this 26th day of March, 2008.

_____
Mary H. Murguia
United States District Judge

TERMPSREF